United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 20, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-11267
Conference Calendar

_____

DAVID LERONE KING,

                                        Plaintiff-Appellant,

versus

CHARLES R. ELLINGBURG, Major; ROMAN G. MCCOY, Grievance
Coordinator; TED L. MOORE, Lieutenant; LINDA D. HALES,
Correctional Officer; AMY J. REED, Correctional Officer; BERTA M.
TRUESDELL, Correctional Officer; SHEILA L. WHATLEY, Law
Librarian; STUART D. WILLIAMS, Shoe Factory Manager; SHERLY F.
BEST, Unit Coordinator for Support Services Inmates; MONTY D.
MCKINNEY, Correctional Officer; SHAYE L. PINGEL, Counsel
Substitute I; THERESA L. HENDRICK, Captain; STEVEN N. RICH,
Assistant Warden; BRIAN W. RODEEN, Assistant Warden; JANE
COCKERHAM, Ombudsman Office; D.F. FONDREN, Region V Grievance
Supervisor; GREG GAUDIN, Grievance Supervisor; KEITH CLENDENNEN,
Offender Grievance; M. MUNSELLE, Assistant Regional Director I of
Region V; J. MANUEL PERALTA, Assistant Administrator of Offender
Grievance; UNKNOWN PERSONS, individually and in their official
capacity as employees of the TDCJ-ID,

                                        Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 2:01-CV-104
--------------------

Before JOLLY, JONES, and SMITH, Circuit Judges.

PER CURIAM:[*]

_____

  [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

David Lerone King, Texas prisoner # 592507, appeals the district court's dismissal with prejudice of his in forma pauperis (IFP) civil rights suit as frivolous and for failure to state a claim. King argues that he has alleged the existence of a specific constitutional right, i.e., his right to file a grievance, and that the defendants retaliated against him for exercising that right by conducting unauthorized searches, confiscating his property, changing his job, and finding him guilty of disciplinary violations. Because King has not briefed the other issues he raised in his compliant, those issues are waived. See Cinel v. Connick, 15 F.3d 1338, 1345 (5th Cir. 1994).

King's allegations make clear that the alleged retaliatory actions stemmed not from filing his own grievances but from his activity assisting over 100 other prisoners to file grievances on a particular issue. Such secondary litigation activity does not "comprise the basis of a retaliation claim." See Johnson v. Rodriquez, 110 F.3d 299, 310 (5th Cir. 1997).

King's appeal is without arguable merit and is thus frivolous. See Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983). Accordingly, we DISMISS his appeal as frivolous. 5TH CIR. R. 42.2. The dismissal of this appeal as frivolous and the district court's dismissal of his complaint as frivolous and for failure to state a claim count as "strikes" under 28 U.S.C. § 1915(g). See Adepegba v. Hammons, 103 F.3d 383, 385-87 (5th

Cir. 1996).  King is WARNED that if he accumulates three "strikes" under 28 U.S.C. § 1915(g), he will not be able to proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.  <u>See</u> 28 U.S.C. § 1915(g).